Mr. Chief Justice Sharkey
delivered the opinion of the Court.
But a single question is raised in this case, and that is as to the sufficiency of the notary’s certificate to fix the liability of the plaintiffs in érror as indorsers. The notary certifies that he demanded payment, and protested the note on the 18th of December, 1838, and placed notices in the post-office in time for the first mail of the succeeding day, properly directed. But the certificate bears date the 21st day of October, 1840, nearly two years after the protest. *364 The section of the act under which the notary is required to make a record of his proceeding, is in the following language : “ When any notary public shall protest any such instrument as is described in the foregoing section, he shall make and certify, on oath, a full and true record of what shall have been done,” &c., which certificate is declared by the act to be admissible as evidence.
It is insisted that this certificate was made too late ; that the statute requires the notary to make up his record and certify to it, at the time he makes the protest.
If we are to understand the word “ when,” used at the beginning of the section, as meaning at the time, or at which time, then this position would seem to be correct; but it is not to be so understood. By an examination of the statute book, we find many sections beginning with this word, and in no instance is it used to designate the time at which the requirements of the law are to be performed. With this meaning, it would destroy the sense of many sections. It is generally employed as an equivalent to the word “ if” in legislative enactments. Take, for example, the next section in the same act: “When any person &c., residing out of the county of the notary shall so desire, it may be lawful to take the deposition of the notary,” &c. ; and numerous instances might be cited which would fully prove that it is not generally used in the sense contended for. If it is to be understood as pointing out the time at which the notary is required to make out his certificate, it would be impossible to comply with the provisions of this section. The notary is required to make and certify, on oath, a full and true record of what shall have been done according to the facts, stating the time and manner of making the demand and protest, and the manner of giving the notices. He makes the demand and protest on one day, and gives the notices the next day; or, if the next be Sunday, then on the Monday following. To require him, therefore, to make out his record, and certify to it, on oath, at the time he makes the protest, would be requiring him to certify and swear to a matter which had not then transpired, to wit, the giving of the notices. The statute provides that he shall make a full and true record of what has been done, by which is meant, that be shall make a written statement. This statement is not a record* but a deposition taken under a new *365 mode. 7 Howard, 630 A deposition is but a written statement of facts under oath, and it is made from the memory of the witness, and if memory is to be relied on in one instance, why not in others ? In the case of Fleming v. Fulton, 6 Howard, 473, we held that the oath need not be made at the time of making the protest, and yet the statute would seem to require this to be done as a part of the same act. By a fair construction of this statute, it is, no doubt, incumbent on the notary to note down the facts as he progresses, or within a reasonable time afterwards. He may certify to their truth under oath afterwards. This may have been done. We must presume that the notary did his duty in the absence of proof to the contrary, and we have no proof affirmatively showing that he omitted to do so. His certificate, it is true, bears date long after the protest, but the certificate is but the attestation to the truth of the record.
Judgment affirmed.